## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| GATEWAY ONE COMMERCIAL CONDOMINIUMS OWNERS ASSOCIATION, an Iowa nonprofit corporation, d/b/a Gateway One Commercial Condos,<br><br>Plaintiff,<br><br>v.<br><br>OWNERS INSURANCE COMPANY, an Ohio insurance company,<br><br>Defendant. | Case 3:25-cv-00111-RGE-WPK<br><br><br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

COMES NOW, Plaintiff, Gateway One Commercial Condominiums Owners Association ("Plaintiff"), by and through undersigned counsel, pursuant to Fed.R.Civ.P. 15(a)(1)(B) following the filed of a Motion to Dismiss (filing no. 8) by Defendant, Owners Insurance Company ("Defendant"), and for its Amended Complaint stating claims and causes of action against Defendant, states and alleges as follows:

1.  That Plaintiff is a nonprofit corporation organized and existing pursuant to the laws of the State of Iowa, is doing business in Johnson County, Iowa as Gateway One Commercial Condos, and at all material times was the owners association for commercial real property located in Johnson County, Iowa which is commonly known as the Gateway One Plaza and legally described as Units 1, 2, 3, 4A, 4B, 5 and 6, Gateway One Commercial Condominiums, according to the Declaration of submission of Property to Horizontal Property Regime pursuant to Chapter 499B of the Code of Iowa, recorded March 7, 2018, in Book 5762, Page 496, Records of the Recorder of Johnson County, Iowa, together with said unit's undivided interest in the common elements (the "Real Property").

2. That Defendant is an insurance business corporation organized and existing pursuant to the laws of the State of Ohio, domiciled in the State of Ohio, registered with the Iowa Insurance Division and can be served with summons upon its registered agent, CT Corporation System, at its registered office located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

3. That while the Iowa court have personal jurisdiction over Defendant pursuant to Iowa R.Civ.P. § 1.306 and Iowa Code § 602.6101, as Defendant transacts business in the State of Iowa and has contact with or maintains relations to State of Iowa sufficient to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States, Defendant removed the action previously filed in the Iowa District Court for Johnson County to this Court pursuant to 28 U.S.C. § 1332 as a result of the parties' diversity of citizenship and an amount in controversy which exceeds $75,000.

4. That on or about November 1, 2019, Defendant issued to Plaintiff a policy of insurance captioned "Tailored Protection Insurance Policy" at policy no. 184607-39105248-19 (the "Policy") whereby Defendant agreed to pay for direct physical loss to the Property resulting from any peril not otherwise excluded within the Policy (a "Covered Event") occurring between December 20, 2019 and December 20, 2020 (the "Policy Period").

5. That on or about July 11, 2020 and August 10, 2020 and during the Policy Period, Plaintiff sustained direct, physical losses to the Real Property in the amount of not less than $5,706,212.89 resulting from a Covered Event (the "Loss"), namely wind and hail storms, which are not excluded within the Policy

6. That the Loss to the Real Property occurred while the Policy was in full force and effect.

7. That Plaintiff promptly and properly made claims upon Defendant for insurance benefits under the Policy which were given Claim Nos. 300-399916-2020 and 300-277137-2020 (collectively, the "Claims") and that relative to the Claims, Plaintiff has fulfilled all other post-Loss duties required of Plaintiff under the Policy.

8. That pursuant to the Policy, Defendant has a contractual obligation to pay the full amount of the Loss, including the costs to repair, restore and/or replace the damage to the Real Property less any applicable deductible.

9. That despite Plaintiff's various efforts to reach a resolution of the Claims, Defendant delayed and frustrated those efforts.

10. That up to the point of filing Plaintiff's Petition removed to the above-captioned matter, Plaintiff and Defendant were actively engaged in continuing negotiations relative to the Claims with the expectation that the claim would be resolved.

11. That by virtue of its conduct, Defendant conveyed its intent that the insurance laws and statutes of the State of Iowa governed the limitation of actions and that Defendant has waived any limitation of actions defense found within the Policy and is estopped from relying on same by its conduct and continuing negotiations with Plaintiff to include the following:

    a. Despite the Real Property's original inspection by both wind and hail adjusters on behalf of Defendant on or about October 8, 2020:

        i. Defendant provided various coverage determinations along with incomplete reports to Plaintiff to include those dated January 14, 2021, February 11, 2021, August 23, 2021, September 10, 2021, December 12, 2022, May 23, 2023 and May 9, 2024;

        ii. Defendant had the Real Property reinspected on numerous occasions to include May 24, 2021 and May 10, 2022, both before and during Plaintiff's repair work on the Real Property; and

        iii. Defendant requested a new proof of loss from Plaintiff as late as February 14, 2024 which Plaintiff provided within one month of Defendant's request;

      b.    That on or about August 20, 2024 and as a result of Defendant's lack of progress in effectuating a prompt, fair and equitable settlement of the Claims, Plaintiff made a formal appraisal demand upon Defendant, however:

          i.    Defendant failed to acknowledge receipt of same until September 4, 2024 and requested an extension to respond thereto until September 20, 2024;

          ii.    In response to various renewed demands for appraisal from Plaintiff between September 2024 and November 2024, Defendant informed Plaintiff that although Defendant believed appraisal was premature, Defendant would engage in mediation;

          iii.    Though on November 12, 2024, Defendant agreed to utilize Plaintiff's proposed mediator, Defendant then reversed course and advised Plaintiff on November 14, 2024 that it would not agree to utilize Plaintiff's proposed mediator, but will instead engage in the appraisal process;

          iv.    After agreeing to go forward with appraisal and selecting their appraiser, Defendant then challenged the appraiser chosen by Plaintiff and on March 4, 2025 issued a notice to undertake Plaintiff's examination under oath, shifting away from the agreed appraisal process to instead conduct further discovery; and

          v.    Despite completing Plaintiff's examination under oath on March 5, 2025, Defendant has made no further effort to undertake the demanded appraisal.

      c.    That to date, Defendant has made payments to Plaintiff for benefits due and owing under the Policy relative to the Claims in the total amount of only $2,437,721.81 made on the following dates:

| Payment Date | Amount |
| --- | --- |
| September 24, 2020 | $887.29 |
| September 24, 2020 | $1,210.08 |
| January 29, 2021 | $972,804.48 |
| February 2, 2021 | $7,944.40 |
| September 7, 2021 | $391,202.12 |
| February 24, 2023 | $114,454.10 |
| July 23, 2024 | $104,447.29 |
| July 24, 2024 | $612,791.22 |
| November 30, 2024 | $231,980.83 |

12.    That by virtue of its conduct, to include the continuing acts outlined above, which exceeded any shortened limitations period outlined within the Policy, Defendant has waived any

such shortened limitation period and, as a result, the general statute of limitation that applies to all other written contracts, Iowa Code § 614.1(5), applies to Plaintiff's claims raised herein.

13. That there continues to be a dispute between Plaintiff and Defendant as to damage to the Property.

14. That Defendant has breached the Policy by failing to pay Plaintiff all benefits due and owing under the Policy relative to the Claims and that there remains due and owing to Plaintiff the amount of not less than $3,268,491.08.

15. That Defendant has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Claims.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant in the total amount of contractual damages, pre- and post-judgment interest thereon, Plaintiff's costs and attorney fees incurred herein, and for such other and further relief as the Court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable to a jury in the above-captioned matter.

DATED this 3rd day of November, 2025.

    GATEWAY ONE COMMERCIAL
    CONDOMINIUMS OWNERS
    ASSOCIATION, Plaintiff

By: s/Keith A. Harvat
    Keith A. Harvat
    HOUGHTON BRADFORD WHITTED PC, LLO
    6457 Frances Street, Suite 100
    Omaha, Nebraska 68106
    (402) 344-4000; (402) 930-1099 (fax)
    kharvat@houghtonbradford.com
    *Attorneys for Plaintiff*

4938-3315-2630, v. 3